UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

YESTERDAYS FLORIST & GIFTS INC.,
a Michigan corporation,

    Plaintiff,                                          Case No.:

        v.

JUST FLOWERS, INC.,

a California corporation,

    Defendant.
_____

## COMPLAINT

FOR ITS COMPLAINT in this matter, Plaintiff, YESTERDAYS FLORIST & GIFTS INC., by and through its attorneys REVISION LEGAL, PLLC, states as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Yesterdays Florist Inc. ("Yesterdays Florist"), is a corporation organized under the laws of the State of Michigan, with its principle place of business at 2548 Lapper Road, Auburn Hills, Oakland County, Michigan 48326. See **Exhibit A**, Printout of Michigan Department of Licensing and Regulatory Affairs Entry for Yesterdays Florist.

2. Defendant Just Flowers, Inc. ("Just Flowers"), is a corporation organized under the laws of the state of California. See **Exhibit B**, Printout of California Secretary of State Entry for Just Flowers.

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 15 U.S.C. § 1125, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

4. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the common law of the State of Michigan pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant Just Flowers because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendant has purposely availed itself of this forum state, the cause of action arises from Defendant's activities here, and the Defendant's actions have caused damage to a Michigan business.

6. Defendant purposefully and intentionally availed itself of this forum state by owing and operating multiple interactive websites in which Defendant sells flowers and other types of gifts to Michigan residents. Further, Defendant has expressly aimed at the State of Michigan as Defendant has referred to itself as "Michigan's ***Trusted*** Florist" (emphasis in original) and offers flower purchases and deliveries within the same geographic location as Plaintiff, being Auburn Hills, Michigan. See **Exhibit C** – Screenshot of <yesterdayflorist.com> on 4/27/13, 5/28/13, 7/3/13, and 1/15/14.

7. Defendant purposefully and intentionally registered a confusingly similar domain name (<yesterdayflorist.com>) and infringed upon Plaintiff's trademark rights to wrongfully divert business to itself while causing confusion between Plaintiff and Defendant's businesses, causing Plaintiff to suffer damage in Michigan.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within this judicial district and because Defendant is subject to this Court's personal jurisdiction.

## II.  PLAINTIFF'S BUSINESS

9. Yesterdays Florist is a florist and gift shop that has consistently operated within Oakland County Michigan since August 5, 1996.

10. Yesterdays Florist is wholly owned and operated by Terri Guenther ("Guenther").

11. Plaintiff Yesterdays Florist incorporated as a Michigan corporation on June 8, 2012. See **Exhibit A**, Printout of Michigan Department of Licensing and Regulatory Affairs Entry for Yesterdays Florist.

12. The floral business market is comprised of three players: the wire service, the order gatherer, and the local florist or fulfilling florist.

13. The wire service facilitates the order exchange and fulfillment between local florists, who pay a monthly fee and a percentage of sale to become a member of the wire service.

14. The order gatherers act as a middleman between the wire service and the local florist. Order gatherers are known to commonly only operate a website that is designed to obtain local leads, process orders, then pass those orders to local florists for fulfillment. Order gatherers also are required to be a member of the wire service. When an order gatherer sends an order to a local florist, the local florist is still required to pay the wire service a percentage of the sale.

15. Yesterdays Florist is a member of the FTD wire service network and the Bloomnet wire service network and regularly receives orders processed by order gatherer Defendant Just Flowers.

### III. PLAINTIFF'S MARK

16. In furtherance of its business, Plaintiff filed for federal trademark registration of the mark YESTERDAY'S FLORIST & GIFTS on March 12, 2014 (Serial No.: 86219167), noting a first use in commerce of August 5, 1996.

17. Plaintiff used this mark in interstate commerce in association with the sale and offering for sale of flowers.

18. Since August 5, 1996, Plaintiff has consistently, continuously, and exclusively used the YESTERDAY'S FLORIST & GIFTS mark as an indicator or origin or source for retail flower sales.

19. Plaintiff has used the YESTERDAY'S FLORIST & GIFTS mark in Michigan and across the United States, including, but not limited to, through the <yesterdaysflorist.com> website.

20. Plaintiff has expended significant sums in advertising the YESTERDAY'S FLORIST & GIFTS mark throughout the United States.

21. Plaintiff's YESTERDAY'S FLORIST & GIFTS mark is inherently distinctive or has obtained distinctiveness through secondary meaning.

22. As a result of Plaintiff's consistent, continuous, and exclusive use of the YESTERDAY'S FLORIST & GIFTS mark in commerce Plaintiff's YESTERDAY'S FLORIST & GIFTS mark has become well and favorably known across the United

States and Plaintiff has obtained common law trademark rights in and to the YESTERDAY'S FLORIST & GIFTS mark.

23. In furtherance of its business, Plaintiff registered the <yesterdaysflorist.com> domain name on August 14, 2012. See **Exhibit D**, <yesterdaysflorist.com> WHOIS.

## IV.   DEFENDANT'S BUSINESS

24. Defendant Just Flowers is a California corporation that was incorporated on December 12, 2006. See **Exhibit B**, Printout of California Secretary of State Entry for Just Flowers.

25. Just Flowers is located at 2127 Westwood Blvd., Ste 200, Los Angeles, CA 90025. See **Exhibit B**, Printout of California Secretary of State Entry for Just Flowers.

26. Just Flowers is an order gatherer, a member of the Bloomnet wire service, and regularly processes orders through its various websites and passes those orders to local florists, including Plaintiff, for fulfillment.

27. One of the website Defendant owns and operates to gather order to send to local florists for fulfillment is <yesterdayflorist.com>.

## V.   DEFENDANT'S UNLAWFUL ACTIONS

28. On or about the first two weeks of February 2014, Guenther began receiving calls from local Auburn Hills customers asking if a specific website was her corporation's website. See **Exhibit E** – Affidavit of Guenther.

29. Guenther investigated the matter by following up on her customer's questions and using Google to perform a search for "Auburn Hills Florist." See **Exhibit E** – Affidavit of Guenther.

30. Guenther soon discovered the existence of a domain confusingly similar to her corporation's domain: <yesterdayflorist.com>. See **Exhibit E** – Affidavit of Guenther.

31. The domains are confusingly similar because Plaintiff's domain, <yesterdaysflorist.com> contains the letter s between the term yesterday and florist, while <yesterdayflorist.com> does not contain the s between the term yesterday and florist.

32. Guenther's customers indicated they were confused because when they clicked on the link for <yesterdayflorist.com>, they were directed to a website for a business named FlowerDelivery.com. See **Exhibit E** – Affidavit of Guenther; Exhibit

33. During that time, <yesterdayflorist.com> resolved to a website advertising the sale of flowers and flower delivery under the name FlowerDelivery.com. See **Exhibit C** – Screenshot of <yesterdayflorist.com> on 4/27/13, 5/28/13, 7/3/13, and 1/15/14.

34. When performing a Google search for "Auburn Hills Florist", Guenther discovered a search result listing for a "<yesterdayflorist.com>. **Exhibit E** – Affidavit of Guenther; See **Exhibit F** – Google Search Result.

35. The physical address for site associated with the domain <yesterdayflorist.com>, was Plaintiff's place of business, being 2548 Lapeer Rd, Auburn Hills, MI 48326. See **Exhibit C** – Screenshot of <yesterdayflorist.com> on 4/27/13, 5/28/13, 7/3/13, and 1/15/14; **Exhibit E** – Affidavit of Guenther; See **Exhibit F** – Google Search Result.

36. According to the "About Us" page located at <flowerdelivery.com/cs_AboutUs.asp>, FlowerDelivery.com's mailing address is 2127 Westwood Blvd., Ste 200, Los

Angeles, CA 90025, the same address as Defendant Just Flowers. See **Exhibit G** – Printout of <flowerdelivery.com/cs_AboutUs.asp>.

37. Upon information and belief, Defendant Just Flowers owns and operates <flowerdelivery.com> as evidenced by the similarity of the "About Us" pages of Just Flowers and Flower Delivery. See **Exhibit G** – Comparison of "About Us" pages.

38. The two About Us pages contain the same menu, text, mailing address, and pictures and share a common look and feel. See **Exhibit G** – Comparison of "About Us" pages.

39. Upon information and belief, Defendant Just Flowers registered <yesterdayflorist.com> on April 27, 2013. See **Exhibit H**, <yesterdayflorist.com> WHOIS.

40. Upon information and belief, Defendant Just Flowers intentionally registered a confusingly similar domain name to Plaintiff's domain and used Plaintiff's business address in an attempt to divert traffic and flower orders to itself and to leech of the goodwill established by Plaintiff's 18 years in business.

41. Defendant Just Flowers has wrongfully diverted traffic from Plaintiff's <yesterdaysflorist.com> to its <yesterdayflorist.com>.

**COUNT I: CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

42. Plaintiff incorporates paragraphs 1-41 above as if fully restated herein.

43. Defendant Just Flowers registered, used, and trafficked in the <yesterdayflorist.com> domain name with a bad faith intent to profit from Plaintiff's YESTERDAY'S FLORIST & GIFTS mark and its associated goodwill.

44. Plaintiff's YESTERDAY'S FLORIST & GIFTS mark was distinctive at the time of Defendant's registration, use, and trafficking in <yesterdayflorist.com> domain name.

45. The <yesterdayflorist.com> domain name is confusingly similar to Plaintiff's YESTERDAY'S FLORIST & GIFTS trademark.

46. The <yesterdayflorist.com> domain name is not related to Defendant's business name and Defendant has no legitimate interest in the <yesterdayflorist.com> domain name.

47. Defendant Just Flowers registered, used, and trafficked in the <yesterdayflorist.com> domain name with prior knowledge of Plaintiff's YESTERDAY'S FLORIST & GIFTS trademark.

48. Defendant Just Flowers used the <yesterdayflorist.com> domain name to divert consumers from Plaintiff's website to Defendant's florist website and services for commercial gain and to cause a likelihood of confusion.

49. Defendant's actions constitute cybersquatting under § 15 U.S.C. § 1125(d).

50. In light of Defendant's actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

51. Plaintiff is also entitled to the transfer of the <yesterdayflorist.com> domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

52. Plaintiff is entitled to the recovery of Defendant's profits, Plaintiff's actual damages, and the costs of this action.

53. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

54. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

### COUNT II: FALSE DESIGNATION OF ORIGIN

55. Plaintiff incorporates paragraphs 1-54 above as if fully restated herein.

56. Plaintiff has used the YESTERDAY'S FLORIST & GIFTS mark since 1996.

57. Defendant registered <yesterdayflorist.com> 17 years later.

58. Plaintiff's YESTERDAY'S FLORIST & GIFTS is distinctive or has acquired distinctiveness through secondary meaning.

59. Defendant Just Flowers has used the YESTERDAY'S FLORIST & GIFTS mark in commerce in association with the sale of services through it registration, use, and trafficking in <yesterdayflorist.com>.

60. Defendant Just Flowers' use of the YESTERDAY'S FLORIST & GIFTS mark in commerce is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendant's website and services are authorized by, sponsored by, approved by, or affiliated with Plaintiff's services.

61. Defendant Just Flowers' use of the YESTERDAY'S FLORIST & GIFTS mark in commerce is likely to confuse the public.

62. Defendant falsely designated Plaintiff as the origin of services through it registration, use, and trafficking in <yesterdayflorist.com>.

63. Defendant has profited from the false designation by permitting it to acquire leads and transmit the leads to Plaintiff.

64. As a result, Plaintiff has suffered monetary damages and a loss of goodwill associated with its YESTERDAY'S FLORIST & GIFTS mark.

65. Consequently, Defendant Just Flowers' use of the YESTERDAY'S FLORIST & GIFTS mark constitutes unfair competition and trademark infringement pursuant to 15 U.S.C. § 1125(a).

66. Plaintiff is entitled to the recovery of Defendant's profits, Plaintiff's actual damages, and the costs of this action.

67. In light of Defendant's actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

68. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT III: UNFAIR COMPETITION

69. Plaintiff incorporates paragraphs 1-68 above as if fully restated herein.

70. Yesterdays Florist is a florist and gift shop that has consistently operated within Oakland County Michigan since August 5, 1996.

71. Plaintiff has consistently, continuously, and exclusively used the YESTERDAY'S FLORIST & GIFTS mark as an indicator or origin or source for retail flower sales since August 5, 1996.

72. Plaintiff's YESTERDAY'S FLORIST & GIFTS mark is inherently distinctive or has obtained distinctiveness through secondary meaning.

73. As a result of Plaintiff's consistent, continuous, and exclusive use of the YESTERDAY'S FLORIST & GIFTS mark in commerce Plaintiff's YESTERDAY'S FLORIST & GIFTS mark has become well and favorably known across the United States and Plaintiff has obtained common law trademark rights in and to the YESTERDAY'S FLORIST & GIFTS mark.

74. Plaintiff registered the <yesterdaysflorist.com> domain name on August 14, 2012. See **Exhibit D**, <yesterdaysflorist.com> WHOIS.

75. Approximately eight months later, Defendant Just Flowers registered <yesterdayflorist.com> on April 27, 2013. See **Exhibit H**, <yesterdayflorist.com> WHOIS

76. Defendant was aware of Plaintiff's business at the time it registered a domain name confusingly similar to Plaintiff's domain name.

77. Defendant intended to confuse customers with the use of <yesterdayflorist.com> by convincing customers its <yesterdayflorist.com> will bring Michigan residents to a local business' website.

78. Specifically, Defendant lists <yesterdayflorist.com> as being located at 2548 Lapper Road, Auburn Hills, MI, which is the principal location of Plaintiff's business, and lists its phone number as 248-377-2990, which is Plaintiff's primary business line.

79. Defendants do not have a place of business at 2548 Lapper Road, Auburn Hills, MI or use 248-377-2990 as its phone line.

80. The practices above are fraudulent, deceptive, likely to cause confusion in the florist market and to mislead the public.

81. Defendant's conduct has damaged Plaintiff.

82. Plaintiff is entitled to the entry of preliminary and permanent injunctive relief because Plaintiff's remedy at law is not adequate to compensate it for its injuries caused by Defendants.

83. Additionally, Plaintiff is entitled to actual damages.

## VI.  PRAYER FOR RELIEF

Plaintiff respectfully asks that the Court enter the following judgment against Defendant:

1. That the Court preliminarily and permanently enjoin and restrain Defendant, as well as their heirs, successors, assigns, officers, agents, and employees from:

    a. Registering, using, or trafficking in any domain name that is identical or confusingly similar to the YESTERDAY'S FLORIST & GIFTS mark, including, but not limited to, <yesterdayflorist.com>;

    b. Infringing upon Plaintiff's trademarks, service marks, design marks, or trade names, including, but not limited to, YESTERDAY'S FLORIST & GIFTS;

    c. Aiding or assisting any other third party in subsections (a) and (b) above;

2. That the Court order the transfer of the <yesterdayflorist.com> and any other domain name identical or confusingly similar to Plaintiff's YESTERDAY'S FLORIST & GIFTS mark to Plaintiff;

3. That the Court award Plaintiff its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;

4. That the Court award Plaintiff its costs and attorneys' fees; and

5. That the Court award Plaintiff any other relief to which it is entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted this 16th day of April 2014.

        YESTERDAY'S FLORIST & GIFTS INC.

/s/ Eric Misterovich
Eric Misterovich (P73422)
John Di Giacomo (P73056)
*Attorneys for Plaintiff*
Revision Legal, PLLLC
1101 Broad St. Ste. 315
St. Joseph, MI 49085
Phone: (269) 281-3908
Fax: (269) 235-9900
eric@revisionlegal.com
john@revisionlegal.com